IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DYNAMIC DRYWALL, INC.,

    Plaintiff,

v.                                            Case No. 6:15-cv-1229-JTM

McPHERSON CONTRACTORS, INC.,
and FIDELITY AND DEPOSIT COMPANY
of MARYLAND,

    Defendants.

**MEMORANDUM AND ORDER**

    This matter is before the court on defendants' Motion to Withdraw Reference (Dkt.1). On July 22, 2015, United States Chief Bankruptcy Judge Robert E. Nugent filed a Report and Recommendation on the matter pursuant to D. Kan. R. 83.8.6. Dkt. 2. The court has reviewed the motion and Judge Nugent's recommendation and adopts the recommendation in its entirety.

    Under 28 U.S.C. § 157(d), a district court "may withdraw, in whole or in part, any case or proceeding referred [to the Bankruptcy Court], on its own motion or on timely motion of any party, for cause shown." Local Rule 83.8.13(a) further provides that "[a] district judge shall conduct jury trials in all bankruptcy cases and proceedings in which a party has a right to trial by jury, a jury is timely demanded, and no statement of consent to jury trial before a bankruptcy judge has been filed."

    The facts of this case are taken from the Report and Recommendation and are as follows. Defendant McPherson Contractors, Inc. ("McPherson") was the general contractor on a school renovation project for the Blue Valley School District in Johnson County, Kansas. McPherson,

as the principal, and defendant Fidelity and Deposit Company of Maryland ("Fidelity"), as the surety, executed a statutory payment bond on the project under Kan. Stat. Ann. §60-1110 (2005). On June 14, 2014, plaintiff Dynamic Drywall, Inc. ("DDI") entered into a subcontract with McPherson to provide labor and materials for the drywall and ceiling components of the project for the contract sum of $707,510.  The subcontract provided for an April 11, 2014, project completion date.  McPherson has its office in Topeka and DDI is located in Wichita.

On May 21, 2014, DDI filed a chapter 11 petition in the United States Bankruptcy Court for the District of Kansas and, to date, remains a debtor-in-possession.  In DDI's list of assets filed in the bankruptcy (Schedule B), it scheduled accounts receivable in excess of $3.5 million, comprising nearly all of DDI's assets and including a sizeable receivable allegedly owed by McPherson.  On January 9, 2015, DDI filed this adversary proceeding against McPherson and Fidelity alleging non-payment under the subcontract.  Neither McPherson nor Fidelity is a creditor in DDI's bankruptcy case.  Neither defendant has filed a proof of claim or otherwise submitted themselves to the jurisdiction of the Bankruptcy Court.

DDI asserts three causes of action.  Against Fidelity, it alleges that as an intended beneficiary, DDI is entitled to recover under the Kansas statutory payment bond its unpaid materials and labor of $519,144.19 provided on the project.  Against McPherson, DDI seeks damages of $519,144.19 for breach of the subcontract by failing to pay for labor and materials provided.  DDI seeks additional damages of $98,873.12 for McPherson's alleged conversion of miscellaneous equipment belonging to DDI, measured by the value of the equipment at the time of conversion. Defendants filed answers to the complaint, admitting execution of the subcontract and payment bond, but otherwise denying the claims and disputing liability to DDI.  Defendants

made demand for a jury trial on all of the claims. This adversary proceeding is in the early stages of discovery, the scheduling order having just been entered in June 2015.

On April 30, 2015, Judge Nugent conducted a scheduling conference pursuant to FED. R. CIV. P. 26(f). At that time, Judge Nugent granted defendants until May 21, 2015, to file a motion to withdraw the reference, which defendants did on that date. Defendants claim that all of DDI's claims are state law legal claims subject to trial by jury, which defendants have timely demanded. Defendants also expressly withheld their consent to that trial being conducted by a bankruptcy judge.

DDI argues that the bankruptcy court can exercise jurisdiction over non-core claims and still make proposed findings of fact and conclusions of law to the district court. And, while it admits that its claims for breach of contract and payment on the bond are non-core, DDI argues that its third cause of action for damages for conversion *is* core because it is the same as a motion for turnover of property of the estate under 11 U.S.C. § 542. As such, the bankruptcy court should retain jurisdiction. Finally, it argues that the demand for a jury trial does not constitute "cause" for withdrawal of the reference if the case is unlikely to reach trial, the case will require protracted discovery with court oversight, and the bankruptcy court is familiar with the issues presented. In the alternative, DDI argues that, even if the demand is cause for withdrawal of the reference, it requests that the district court refrain from immediately withdrawing the reference and leave the adversary proceeding in bankruptcy court until pretrial proceedings are complete and the case is ready to proceed to trial.

Judge Nugent disagreed with DDI's arguments, a decision with which this court agrees. In his well-reasoned and comprehensive recommendation, Judge Nugent concluded: (1) all of DDI's claims are non-core state law claims, including the state law conversion claim that DDI

sought to have categorized as a turnover claim; (2) all of DDI's claims are legal causes of action for which there is a right to a jury trial; and (3) both defendants made timely jury trial demands, and are entitled to have that trial conducted in the district court.  Dkt 2.  Judge Nugent further concluded that neither defendant filed a statement of consent to have a bankruptcy judge conduct a jury trial or enter a final order or judgment on the non-core state law claims.

With regard to DDI's request that this case remain in the bankruptcy court until the time of trial, Judge Nugent noted that the adversary proceeding is in the early stages of discovery and, as such, the bankruptcy court "has acquired very little knowledge of the substance of the matter." Dkt. 2, at 14.  Furthermore, the discovery, dispositive motion, and pretrial order deadlines do not mature until the latter part of 2015.  Judge Nugent therefore recommended that this court immediately withdraw the reference so that all discovery and pretrial proceedings can be conducted "under one roof."  Dkt. 2, at 14.  This court agrees.

**IT IS THEREFORE ORDERED** this 11th day of August, 2015, that this court adopts the Bankruptcy Judge's Report and Recommendation (Dkt. 2).  Accordingly, defendants' Motion to Withdraw Reference (Dkt. 1) is granted

s/ J. Thomas Marten
J. THOMAS MARTEN,
CHIEF JUDGE
